### EX PARTE DAN HUBBARD.

#### No. 1574.  Decided November 1, 1911.

**1.—Contempt—Corporation Courts—Jurisdiction.**

Where relator was fined for contempt of court in a Corporation Court for preventing a witness to attend relator's trial, in which he was charged with the unlawful discharge of firearms within the city limits, and it appeared that such offense was made penal by the ordinances of the city, and that the Corporation Court was created and established under the Act of the Twenty-Sixth Legislature. Held, that said Corporation Court had jurisdiction of the offense alleged against relator and to fine for contempt of court.

**2.—Same—Conflict of Decisions—State Penal Law.**

The question of jurisdiction, of Corporation Courts over cases made penal by the State statute alone, is not involved where the alleged offense for which relator was being held was made penal by city ordinance; and it is not necessary to review former decisions on this question. Referring to Ex Parte Willbarger, 41 Texas Crim. Rep., 514; Ex Parte Hart, id., 581.

**3.—Same—Power to Punish for Contempt.**

The judge of a Corporation Court has power to punish for contempt to the same extent and under the same circumstances as the county judge in the County Court.

**4.—Same—Practice—Appeal—Habeas Corpus.**

Where relator sued out a writ of habeas corpus before a district judge who upon hearing remanded him, his remedy was by appeal, and he can not make a second application to the Court of Criminal Appeals.

From Bexar County.

Original proceeding of habeas corpus, asking release from a commitment of a Corporation Court for contempt of court, assessing a fine of $50 and three days confinement in jail.

The opinion states the case.

*C. E. Caruthers,* for relator.—Upon question of second application for writ of habeas corpus: Ex parte Erwin v. State, 7 Texas Crim. App., 288; Ex parte Kearby v. State, 35 Texas Crim. Rep., 634; Ex parte Lynn v. State, 19 Texas Crim. App., 120.

Upon question of jurisdiction of Corporation Court: Leach v. State, 36 S. W. Rep., 471; Ex parte Sibley, 65 S. W. Rep., 372: Cooms v. State, 44 S. W. Rep., 854; Ex parte Fagg v. State, id., 294; Ex parte Anderson v. State, 46 Texas Crim. Rep., 372, 81 S. W. Rep., 973; Holman v. Mayor of Austin, 34 Texas, 668.

*C. E. Lane,* Assistant Attorney-General, and *Jos. Ryan* and *S. C. Eldridge,* for the State.—On question of habeas corpus: Ex parte Lynn v. State, 19 Texas Crim. App., 121; Ex parte Lamber v. State, 36 S. W. Rep., 81; Ex parte Mathews v. State, 49 S. W. Rep., 623; Ex parte Latham v. State, 82 S. W., 1046; Ex parte Morgan v. State, 57 Texas Crim. Rep., 551, 124 S. W., 99; Ex parte Walsh v. State, 59 Texas Crim. Rep., 409, 129 S. W., 118; 21 Cyc., 295.

Upon question of jurisdiction: Harris County v. Stewart, 91 Texas, 133, and cases cited in opinion.

HARPER, Judge.—On a former day of this term relator applied to this court for a writ of habeas corpus, alleging that he was illegally restrained of his liberty by the chief of police of the city of San Antonio. The writ was granted, and the cause set down for hearing on the 25th day of October.

Under the agreed statement of facts it appears that complaint was filed against relator, Dan Hubbard, in the Corporation Court of the city of San Antonio, charging him with discharging firearms within the city limits. The relator was arrested, and the cause set down for hearing. Subpoena issued for witnesses by the State, and when served the witnesses failed to appear. The cause was reset and attachment issued for the witnesses. The attachments were disobeyed. When it was made known to the judge of the Corporation Court that the witnesses were being kept from attending court by relator, complaint was filed charging relator with contempt, in that relator did then and there unlawfully interfere with and prevent the attendance of witnesses in the Corporation Court of the city of San Antonio in a case then pending. Upon hearing, evidence was adduced, and relator was adjudged guilty of contempt, and his punishment assessed at a fine of fifty dollars and three days imprisonment in jail.

It appears from the record that the proceedings were regular in every respect, but relator contends that the Corporation Court of the city of San Antonio had no jurisdiction over the offense of unlawfully discharging firearms in the city limits of San Antonio, and had no authority to assess punishment as for contempt for keeping the witnesses from attending such court. In section 9, chapter 22, of the ordinances of the city of San Antonio, it is made an offense to discharge any gun or firearms within the corporate limits of said city, and the punishment is fixed at a fine not less than ten dollars nor more than two hundred dollars.

There was formerly a conflict in the decisions of this court and the Supreme Court in regard to the power and jurisdiction of the courts created in cities and towns, but the Twenty-Sixth Legislature passed an Act, which repealed all laws in conflict with its provisions, it being entitled "An Act to establish and create in each of the cities, towns and villages of this State a State court to be known as the Corporation Court, and to prescribe the jurisdiction and organization

thereof." (See chapter XXXIII, Acts of 26th Leg.) Since the passage of that Act, it has been held by this court that Corporation Courts, when organized in accordance with the terms of that Act, have all the jurisdiction therein conferred, and jurisdiction was conferred in all criminal cases arising under the city ordinances, and also jurisdiction concurrently with any justice of the peace in any precinct in which such city is situated in all criminal cases in which the punishment is by fine only, and where the maximum fine does not exceed two hundred dollars. This Act of the Legislature was fully discussed in opinions rendered by this court in the cases of Ex parte Wilbarger, 41 Texas Crim. Rep., 514, and Ex parte Hart, 41 Texas Crim. Rep., 581, and while all members of the court did not agree in the decisions then rendered, as to the jurisdiction of the Corporation Courts in cases arising under the penal laws of the State, yet all the judges did agree that the Corporation Court, when created in accordance with the provisions of said Act, would have and did have jurisdiction to try all criminal offenses arising under the ordinances of the city, and as the relator was being prosecuted under an ordinance of the city of San Antonio, and not for a violation of the Penal Code, we do not deem it necessary or proper at this time to enter into a discussion of whether the Corporation Court would have jurisdiction to try one for an offense made penal by the Criminal Code of the State alone. A majority of the court held in the Wilbarger and Hart cases, supra, that where the Corporation Court was created in accordance with the Acts of the Twenty-Sixth Legislature, and was acting under such law, the Corporation Court would be a State court, and have concurrent jurisdiction with the Justice Courts, to try all offenses occurring within the city limits of which Justice Courts have jurisdiction.

Relator insists that those decisions are wrong, and the able dissenting opinion correctly announces the law, but, as before stated, relator was being prosecuted for an offense made penal by the ordinances of the city, and the question of whether they have jurisdiction in cases made penal by State statute alone does not arise in this case, and we hold that the Corporation Court of the city of San Antonio had jurisdiction over the offense alleged against relator, and had the authority to try said cause and issue process for all witnesses necessary.

Section 6 of said Act also provides: All rules of pleading, practice and procedure now established for the County Court shall apply in the Corporation Courts; and in section 13 it is provided that the judge of the Corporation Court shall have power to punish for contempt to the same extent and under the same circumstances as the county judge may punish for contempt of the County Court.

Article 1161 of the Revised Civil Statutes reads as follows: "The County Court shall have power to punish by fine not exceeding one hundred dollars, and by imprisonment not exceeding three days, any

person guilty of contempt." As the Corporation Court is given the same power to punish for contempt as was then possessed by the County Court, and to the same extent, it had authority to assess the punishment which was inflicted in this case.

By an ordinance on page 414 of the printed ordinances of the city of San Antonio, the Corporation Court was created and established as provided it should be done by the Act of the Twenty-Sixth Legislature, hereinbefore referred to, and said ordinance provides that said Corporation Court shall have the jurisdiction conferred upon it by said Act of the Legislature, and we are of the opinion that relator should be remanded.

Another question is raised in this case, the State having filed a motion to dismiss this case, it appearing from the record that relator, when fined for contempt by the judge of the Corporation Court, sued out a writ of habeas corpus before the judge of the District Court of the Fifty-Seventh Judicial District, which writ was granted by said court, and said cause set down for a hearing. Upon a hearing, relator was remanded, and if relator was not satisfied with such judgment his remedy was by an appeal to this court. Instead of pursuing that remedy, relator presented to this court an original application, and did not make known it was a second application, or that the judge of the District Court of the Fifty-Seventh Judicial District had theretofore granted a writ, and upon hearing it, denied relator the relief prayed for. This is not proper practice. Relator should have either appealed from the judgment of the District Court of Bexar County, or if he did not elect so to do, in his application to this court he should have made known that he had sued out a writ before the District Court, and had been denied any relief, and stated some reason why he did not appeal therefrom, if not satisfied with the judgment, and also some reason in law why this court should entertain jurisdiction of a second application. This was not done in this case, and had the court known it was a second application, under the allegations contained in the application we would not have granted the writ. This much is said, that those desiring to bring such matters before this court in future may not be mistaken in the proper course to pursue.

The relator is remanded to custody.

*Relator remanded to custody.*