### Ex Parte Jones Polk.

#### No. 9785.   Delivered October 14, 1925.

**1.—Habeas Corpus—Application for Bail—Second Appeal.**

Relator before indictment found was denied bail and appealed to this court, and the action of the District Court was affirmed. The case is reported in Ex Parte Polk 268 S. W. 464. After indictment found he again sued out a writ of habeas corpus in the district court, and was denied bail, and from this order prosecutes a second appeal.

**2.—Same—Right to Bail—Second Appeal—Practice.**

Under Art. 219, C. C. P., an appeal from a second order refusing bail will not lie, unless the second application for writ of habeas corpus sets out that important testimony has been obtained which was not in his power to produce on the former hearing. We find no such allegation in the petition before us, and no exception to same having been presented by the state, the appeal will be decided on its merits.

**3.—Same—Source of Evidence—May be Considered.**

Where bail has been denied, and an appeal is prosecuted, the source of the evidence may be considered in determining whether the denial of bail was erroneous. In the light of this rule, and of the additional evidence presented by relator, that was not given in the former proceeding, it is our conclusion that relator should be admitted to bail, in the sum of $10,000.00, and it is so ordered.

Appeal from the District Court of Fisher County.   Bail refused below by the Hon. Bruce W. Bryant, Judge.

Appeal from an order of the District Court of Fisher county, remanding relator to the custody of the sheriff without bail. Bail granted relator in the sum of $10,000.00.

T. Vard Woodruff, and B. M. Neblett, for appellant.

Tom Garrard, State's Attorney, and Grover C. Morris, Assistant State's Attorney, for the State.

BERRY, Judge.—The relator was indicted in the district court of Fisher county for the offense of murder and upon the hearing of an application for the writ of habeas corpus before the Hon. Bruce W. Bryant, District Judge of that county, the relator was remanded to the sheriff of Fisher county without bond, and relator has appealed from said order to this Court.

Before indictment and while this case was pending on a complaint issued, the matter was heard on a habeas corpus trial before the same Judge and relator was then remanded without bond and from this order an appeal was taken to this court and the judgment of the district court of Fisher county was affirmed and the case is reported in Ex parte Polk, 268 S. W. 464, where a sufficient statement of the main facts will be found.

Under Art. 219 of the C. C. P., it is provided in effect that a party may obtain the writ of habeas corpus the second time by stating in the application therefor that since the hearing of his first application, important testimony has been obtained which it was not in his power to produce at the former hearing. The application now before this court might have been subject to proper exceptions if they had been urged by the State as to its form in not complying strictly with said Article 219, C. C. P. We find nothing in the transcript, however, indicating that any answer was made to the relator's application and nothing to show that any exceptions or demurrers were urged thereto. On the contrary, the State offered evidence on the hearing thereof and under these conditions we are disposed to hold that the State waived any question as to the sufficiency of the form of the application. The question as to whether the relator is entitled to bail will, therefore, be decided on its merits.

The record before us discloses that the relator introduced testimony on the instant hearing in addition to that offered at the former hearing. The State relied solely upon the testimony of a negro woman, Laura Holley, to make its case. The record discloses that on this hearing this witness testified that when he relator came to the dance hall where the killing occurred he stated that he was looking for hijackers, while on the former hearing she said nothing about his making this statement but on the contrary she testified that he said he was a hijacker. In addition to this dis-

crepancy, in her testimony, the relator also proved by various witnesses on this hearing that the reputation of the chief State witness for truth and veracity is bad and also showed that her reputation for running a bawdy house and a saloon is also bad. In addition to this relator offered testimony from more than one witness on this hearing to the effect that immediately after the killing occurred this chief witness for the State told them that she did not see the killing and did not know who killed the deceased. It may be stated in passing that one of the witnesses who testified on this hearing that she made this statement was at the time a constable in Fisher county and was acting in his official capacity when he interrogated this witness. In deciding the case on the former appeal this court speaking through Judge Hawkins, said:

"The source of the evidence may be considered in determining whether the denial of bail was erroneous."

Applying this rule, to the facts before us we are not satisfied that the evidence offered by the State on this trial is sufficient to meet the requirements of the law which provides that before bail is refused the proof must be evident that a capital offense has been committed and that if the law is properly enforced the death penalty will probably be assessed. A discussion in detail of the testimony is unnecessary but, after carefully reviewing the same, we are convinced that this is not such a case as would authorize or justify a refusal of bail. It is therefore our conclusion that the relator should be admitted to bail in the sum of ten thousand ($10,000.00) dollars, with two or more goods and sufficient sureties to be approved by the sheriff or other persons in Fisher county authorized by law to approve bonds in cases of this character. The judgment of the district court is reversed and the relator is admitted to bail in the sum of $10,000.00.

*Admitted to bail.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.