EX PARTE WILLIAM OSBORNE.

No. 18313.   Delivered February 12, 1936.
Rehearing Denied March 4, 1936.
Application for Leave to File a Second Motion for Rehearing
Denied (Without Written Opinion) March 25, 1936.

The opinion states the case.

*Goodhue Weatherly*, of Falfurrias, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—By virtue of a judgment of the County Court of Brooks County, relator is restrained, as a juvenile delinquent, in the State Juvenile Training School for Boys at Gatesville, Texas. Said judgment was entered on the 3rd day of August, 1934. After appealing from said judgment, relator, on the 20th day of March, 1935, filed in the Court of Criminal Appeals his motion to dismiss the appeal. Said motion was as follows:

"TO THE HONORABLE THE COURT OF CRIMINAL APPEALS OF TEXAS:

"Comes now William Osborne, the appellant in the above entitled and numbered proceeding now pending in this court, and of his own volition as well as upon the advice of his attorney of record herein and of his father and sole living parent, the undersigned Chalmiss Osborne, with whom he resides, moves this court to dismiss his appeal in the said proceeding.

"(Signed) *William Osborne,*
       Appellant.

"(Signed) *Robt. R. Mullen, Jr., Goodhue Weatherly,*
       Attorney for Appellant.

"(Signed) *Chalmiss Osborne,*
       Father of Appellant.

"THE STATE OF TEXAS,
"COUNTY OF BROOKS.

"Before me, Mary Maupin, the undersigned authority, this day personally appeared William Osborne, known to me to be the appellant in the cause in the Court of Criminal Appeals of Texas entitled and number as above stated, and he, after being by me duly sworn, in my presence with his own hand subscribed his name upon the foregoing motion and upon his oath did say that he signed the said motion willingly and with knowledge that the effect of the said motion would be to leave in effect the judgment of the County Court of Brooks County, Texas, adjudging him to be a delinquent child for having unlawfully carried on and about his person a pistol, so that he will be confined in the State Juvenile Training School for Boys at Gatesville, Texas, until the twenty-third day of January, A. D. 1938, in accordance with the said judgment, which said judgment was pronounced on the third day of August, A. D. 1934, in the cause entitled The State of Texas v. William

Osborne and numbered 371 on the docket of the said County Court.

"In witness whereof, I have affixed my signature and official seal hereto on this, the 15th day of March, A. D. 1935.

"(Signed) *Mary Maupin*, Notary Public,

"Brooks County, Texas."

On the 27th day of March, 1935, we granted the motion and dismissed the appeal. On the 4th day of March, 1935, relator applied to the county judge of Brooks County for a writ of habeas corpus, alleging that the judgment entered on the 3rd day of August, 1934, adjudging him to be a juvenile delinquent was void. The writ having been awarded, the county judge on the same day heard evidence and remanded relator to custody. After appealing from said order, relator, on the 18th day of March, 1935, filed in the Court of Criminal Appeals his motion to dismiss the appeal. Said motion embraced allegations substantially the same as those of the motion hereinbefore quoted. On the 27th of March, 1935, we granted said motion and dismissed the appeal.

The conviction of relator as a juvenile delinquent was predicated upon a charge that he unlawfully carried a pistol. It appears that he was thereafter indicted in the District Court of Brooks County for murder, and that venue was changed to Nueces County. Having attained the age of seventeen years, relator was brought to trial on said charge of murder. On the 18th of November, 1935, he filed in the District Court of Nueces County a plea of former conviction wherein, among other things, he made the following statement:

"Now comes the defendant, William Osborne, and for special plea in bar herein says that the State ought not to further prosecute this cause against him because he says that heretofore, to-wit, on the 30th day of July, A. D. 1934, in the County Court of Brooks County, Texas, there was duly and legally presented and filed in said last named court a valid complaint and information, certified copies of which are attached hereto, marked Exhibit 'A' and 'B' and made a part hereof, the file number thereof in said last named court being No. 371; and on the 5th day of August, 1934, the said accusation against the said William Osborne, in said Cause No. 371, was legally tried upon its merits in said last named court, and that said William Osborne was duly and legally convicted of said occusation by the judgment of said last named court, which judgment of conviction is attached hereto, marked Exhibit 'C' and made a part hereof; and which said judgment still remains in

full force and effect and is not in the least reversed and made void but is final and conclusive against the said defendant, William Osborne."

Said plea was submitted to the jury on the 20th day of November, 1935, who found that the matters alleged therein were true. On the date last mentioned, the District Court of Nueces County entered a judgment discharging relator "from all further liability on the murder charge by reason of his former conviction as a juvenile delinquent in the County Court of Brooks County." We do not decide whether the conviction of relator as a juvenile delinquent was a bar to a prosecution for murder.

On the 26th day of November, 1935,—six days after his plea of former conviction had been sustained,—relator presented to the county judge of Brooks County an application for writ of habeas corpus in which he asserted that the judgment restraining him as a juvenile delinquent was void. The judgment sought to be vitiated was the identical judgment relator had successfully interposed on his trial for murder. It was the same judgment that was involved in the first habeas corpus proceeding, as well as in the appeal in the main case. Moreover, the identical question involved in the former habeas corpus proceeding is in the present appeal. The county judge granted the writ in the present case and heard evidence. He thereafter remanded relator to custody. Hence this appeal.

Article 860, C. C. P., reads as follows:

"The judgment of the Court of Criminal Appeals in appeals under habeas corpus shall be final and conclusive; and no further application in the same case can be made for the writ, except in cases specially provided for by law."

Article 171, C. C. P., provides:

"A party may obtain the writ of habeas corpus a second time by stating in application therefor that since the hearing of his first application important testimony has been obtained which it was not in his power to produce at the former hearing. He shall also set forth the testimony so newly discovered; and, if it be that of a witness, the affidavit of the witness shall also accompany such application."

In Hibler v. State, 43 Texas, 197, it appears that Hibler was restrained by virtue of a warrant of the Governor of Texas issued upon requisition of the Governor of Mississippi. In an original application to a justice of the Supreme Court for writ of habeas corpus Hibler alleged that he was illegally restrained of his liberty. The writ was awarded and made

returnable to the Supreme Court. When the case was called he declined to further prosecute the application, and the court entered an order remanding him to custody. Thereafter, he was awarded a writ of habeas corpus by the District Court of Dallas County. The question involved in the second application was the same as that presented in the habeas corpus proceeding before the Supreme Court. At the hearing before the District Court the respondent produced the order of the Supreme Court remanding Hibler to custody. The District Court thereupon dismissed the application and remanded the prisoner. In concluding that such action was proper, the Supreme Court, speaking through Chief Justice Roberts, used language as follows:

"This is not in the nature of a judgment upon voluntary non-suit in a civil action. The prisoner had been taken out of the custody of Scott and placed in charge of the officer of this court, the sheriff of Travis County, pending the trial. The applicant's petition and Scott's return showing his authority from the Governor of Texas were before the court; the case stood before the court on trial; the counsel for the prisoner declined to proceed any further in the investigation, either from choice or from the want of evidence to further prosecute the case. The prisoner being under the charge of the court, could not and would not have been remanded back to the custody of Scott if his authority to detain him as his prisoner under the warrant of the Governor had not been deemed *prima facie* sufficient for that purpose. Thus was it a hearing and adjudication of the case then before the court on trial. Such is the plain import and legal effect of the judgment of the Supreme Court. We do not think that the court below erred in acting upon it as a final judgment of this court upon the hearing of the cause of *habeas corpus,* and in regarding the application made to that court in the case now before us on appeal as a second application for the writ of *habeas corpus.*

"Admitting that there could be a second application for the writ entertained and heard upon some other ground than that specified in the code—the discovery of other important testimony that could not be produced upon the first application— then we are of opinion that the grounds for relief set out in the petition and amended petition in this case as therein presented could not be held to be sufficient."

See, also, Ex parte Hubbard, 140 S. W., 451.

In Ex parte Burkhart, 258 S. W., 818, this court, speaking through Judge Lattimore, said:

"This is an original application for a writ of habeas corpus. At a former day a writ was granted this applicant and made returnable to the County Court of Tarrant County with instructions to hear testimony and ascertain certain facts. The learned trial judge heard evidence, decided the issue, and remanded relator, and we learn from a copy of his judgment that notice of appeal was given. Subsequently it appears that relator was carried to the State Training School for Boys at Gatesville. It is alleged in this application that such action prevented the effecting of the appeal. How this could be is not set out. This presents no ground for granting a writ of habeas corpus on our part."

In the present case the judgment of conviction and commitment are prima facie sufficient to authorize relator's detention. His right to relief on habeas corpus turns on questions of fact. The testimony is practically the same as that adduced in the first habeas corpus proceeding. Under the statutes and decisions from which we have quoted, we are constrained to hold that relator was not entitled to a second writ of habeas corpus. We quote from 21 Texas Jur., p. 465, as follows:

"A party is entitled to a second writ of habeas corpus in the following cases: where important testimony has been obtained which it was not within his power to produce at the former hearing; where an indictment has been returned against him, except in capital cases where he has already had the benefit of an investigation on the question of proof evident; or where he is afflicted with a disease which will render a removal necessary for the preservation of life. These grounds are exclusive; and the essential facts must be clearly alleged in order to make any of them available."

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Relator asks for a rehearing, basing his request upon Ex parte Polk, 101 Texas Crim. Rep., 313, 276 S. W., 267, and Ex parte Foster, 5 Texas App., 625. Certain expressions in the opinions in the cases named appear to support appellant's claim that he is entitled to have considered his second application for habeas corpus. It will be observed,

however, that in both cases mentioned the question was whether the relators there were entitled to bail, and in each of the cases one writ was granted before indictment and another after indictment had been returned. In such cases Art. 169, C. C. P., is controlling. It reads as follows:

"Where a person once discharged or admitted to bail is afterward indicted for the same offense for which he has been once arrested, he may be committed on the indictment, but shall be again entitled to the writ of habeas corpus, and may be admitted to bail, if the facts of the case render it proper; but in cases where, after indictment is found, the cause of the defendant has been investigated on habeas corpus, and an order made, either remanding him to custody, or admitting him to bail, he shall neither be subject to be again placed in custody, unless when surrendered by his bail, nor shall he be again entitled to the writ of habeas corpus, except in the special cases mentioned in this chapter." See also Ex parte Wilson, 20 Texas App., 498.

The cases upon which appellant relies are so different upon their facts from the present case we do not believe they are controlling here.

The motion for rehearing is overruled.

*Overruled.*